Filed 2/7/23 P. v. Roberts CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER BERLIN ROBERTS,<br><br>    Defendant and Appellant. | B319291<br><br>Los Angeles County<br>Super. Ct. No. TA003297 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Shultz, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Defendant Christopher Berlin Roberts, also known as Christopher Robinson, appeals from an order denying his application for resentencing and to redesignate a robbery conviction as a misdemeanor offense under Penal Code[1] section 1170.18. We affirm.

# BACKGROUND

In January 1990, the People charged defendant in a one-count information with second degree robbery in violation of section 211, alleging that defendant took personal property from a victim by means of force and fear. The People further alleged that the robbery was a felony. As noted in defendant's opening brief, the probation report set forth the facts of the offense as follows: "On December 18, 1989, the victim and the defendant got into a verbal argument. As the victim walked away, the defendant followed him and suddenly began to hit him about his face and body. The victim tried to defend himself; however, the defendant overpowered him. The defendant then removed an unknown amount of United States (U.S.) Currency from the victim's pocket. The victim ran away from the defendant, but the defendant followed him and beat him again. The defendant left the victim lying on the ground. A police officer found the victim, summoned paramedics, who transported the victim to Martin Luther King Hospital for medical treatment."

In February 1990, defendant was convicted of robbery, a felony, as charged in the information. Although the record on

---

[1] Undesignated statutory references are to the Penal Code.

appeal does not specify defendant's sentence, defendant's section 1170.18 application states he has completed the sentence for the offense.[2]

On December 14, 2021, defendant filed an application for resentencing and redesignation of his 1990 robbery conviction as a misdemeanor conviction pursuant to section 1170.18, a statute added by Proposition 47. Defendant stated that he was convicted in 1990 of robbery, "a felony violation of a crime that has now been made a misdemeanor pursuant to Proposition 47." The People opposed the application because defendant's conviction for violating section 211 does not qualify for Proposition 47 relief. On January 14, 2022, the trial court summarily denied the application because defendant's felony conviction is for an offense that does not qualify for relief under section 1170.18. This timely appeal followed.

Defendant's appellate counsel declared counsel was unable to find any arguable issues and asked us to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496. We gave defendant until December 21, 2022, to submit additional briefing or a letter stating any grounds for an appeal, or contentions, or arguments which he wishes this court to consider. To date he has not done so. After exercising our discretion to conduct a review of the merits of the appeal under *People v. Wende* (1979) 25 Cal.3d 436, we affirm the order.

---

[2] According to the trial court, the abstract of judgment is not available and the case was not scanned into the court's archive system. In response to defendant's September 21, 2022 "Motion to Cease and Desist," appellate counsel determined that defendant was placed on probation but his probation was terminated and he was sent to state prison in 1991 when he entered a guilty plea in another case.

## DISCUSSION

"In November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act. [Citation.] Proposition 47 'reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies.' [Citation.] Under Proposition 47, grand theft of property valued at $950 or less is a misdemeanor if the defendant does not have a specified prior conviction. [Citation.] Proposition 47 also added section 1170.18, which permits a defendant to petition to have his or her felony conviction resentenced to or redesignated as a misdemeanor. [Citation.] A petition or application under section 1170.18 must be filed on or before November 4, 2022, absent a showing of good cause." (*People v. Bear* (2018) 25 Cal.App.5th 490, 495.)

The offenses that may be reclassified as misdemeanors include the following: shoplifting of property worth $950 or less (§ 459.5, subd. (a)); forgery of instruments worth $950 or less (§ 473, subd. (b)); fraud involving financial instruments worth $950 or less (§ 476a, subd. (b)); theft of, or receiving, property worth $950 or less (§§ 490.2, subd. (a), 496, subd. (a)); petty theft with a prior theft-related conviction (§ 666, subd. (a)); and possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a)). (See *People v. DeHoyos* (2018) 4 Cal.5th 594, 597–598; see also *People v. Valencia* (2017) 3 Cal.5th 347, 355.)

Here, defendant was convicted of robbery, a violation of section 211. Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Robbery is not mere theft but is accomplished by "means of force or fear." (*Ibid*.) Nor does the

4

court's initial suspension of imposition of the sentence after defendant's conviction transmute the robbery into mere theft or into a misdemeanor. Defendant—who was convicted of robbery—is simply not statutorily eligible for relief under section 1170.18. The trial court properly denied his application.

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



                                        LAVIN, J.

WE CONCUR:


    EDMON, P. J.


    NGUYEN, (KIM) J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.